Mecklenburg County Clerk of Superior Court

23CV032083-590

§STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.:

| | |
|---|---|
| Stephen ROBEY, father; Dorothy ROBEY, mother; and J. R., a minor DOB 09/13/06, <br><br> Plaintiffs, <br><br> -vs- <br><br> CHARLOTTE-MECKLENBURG BOARD of EDUCATION; Superintendent Crystal L. HILL, in her professional and personal capacity; Principal Tracey HARRILL, in his professional and personal capacity; and School Counselor Adrian HODGES, in her professional and personal capacity, <br><br> Defendants. | **C O M P L A I N T** <br> **(Jury Trial Demanded)** |

NOW COME the Plaintiffs, by and through undersigned counsel, who complain and allege against the Defendants, as follows:

### NATURE OF THE CASE

This case involves the Defendants failure to notify the Plaintiffs, a failure to train, failure to report, failure to update, failure to take action, failure to have services in place, and failure to supervise and implement policies, standards and norms, in a grossly negligent, wanton and reckless manner, regarding the evaluation and reporting of disturbing cuts and marks found on the minor, J.R.'s arms, an attempted overdose, along with the corresponding alarming behavior, to the parents of the minor child for six (6) months, resulting in damages to both the minor child and the parents of said minor child, all in violation of 42 U.S.C. § 1983, procedural and substantive due process violations, violation of the N.C. State Constitution, gross negligence itself, gross negligence, wanton and reckless conduct in the violation of N.C. Gen. Stat. § 115C-376.5, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.

### PARTIES

1. Plaintiff, Stephen Robey, is a citizen and resident of Mecklenburg County, State of North Carolina, and is the parent of the minor Plaintiff, J.R.

Electronically Filed Date: 10/26/2023 4:45 PM Mecklenburg County Clerk of Superior Court

2. Plaintiff, Dorothy Robey, is a citizen and resident of Mecklenburg County, State of North Carolina, and is the parent of the minor Plaintiff, J.R.

3. Plaintiff, J. R., DOB (09/13/2006), is a minor and the daughter of Plaintiffs Stephen and Dorothy Robey, and is a citizen and resident of Charlotte, North Carolina.

4. Defendant, Charlotte-Mecklenburg Board of Education ("CMBE"), is the governing body of Charlotte-Mecklenburg Schools ("CMS"), is organized under the laws of North Carolina and maintains offices in and does business in Charlotte, Mecklenburg County, North Carolina.

5. Superintendent, Crystal Hill, is the Superintendent of CMS, has offices located in, and does business in Mecklenburg County, State of North Carolina.

6. Principal, Tracey Harrill, is the Principal of Providence High School, a high school within the CMS system, has offices located in, and does business in Mecklenburg County, State of North Carolina.

7. Counselor, Adrian Hodges, is a counselor located at Providence High School, a high school within the CMS system, has offices located in, and does business in Mecklenburg County, State of North Carolina.

8. In accordance with N.C. General Statute § 115C-42, Defendants have purchased liability insurance, therefore not entitling them to, and waiving its governmental immunity from liability, and subjecting them to the claims of the Plaintiffs,

### JURISDICTION

9. This Court has jurisdiction of the parties and subject matter of this action, as the events in question took place in Mecklenburg County, State of North Carolina, and all parties live, work and conduct business in Mecklenburg County and are subject to the general jurisdiction of this Court.

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 - Procedural Due Process Violation

10. Plaintiff, Mr. Stephen Robey ("Mr. Robey") was called by Defendant, Ms. Hodges, ("Hodges") a Guidance Counsellor at Providence High School, on Thursday, February 2, 2023, regarding Plaintiff J.R, a minor ("J.R").

11. Mr. Robey came to the school. He was notified by Hodges of marks and/or scars on J.R's left arm and that J.R. had been self-harming as a way to deal with stress. This was the first notification Mr. Robey, or Mrs. Robey, received regarding J.R.'s self-harming and bizarre behavior.

12. In these initial conversations with Hodges, Mr. Robey first became aware that this behavior had actually been going on for a quite a long while.

13. Additionally, Mr. Robey was made aware and learned that J.R. had taken some pills and tried to overdose; however, this only made her sick. Basically, J.R. had attempted suicide and there was no notification to her parents, no referral made, no call to social services made, and basically no action taken, regarding this profoundly serious matter of life-and-death of a teenager. No notification was given to J.R.'s parents when the behavior first came to Defendants' attention, knowledge, and notice.

14. J.R. showed her father her left arm. J.R.'s left arm had more than thirty (30) scars on it, from the self-harming cuts.

15. After picking up J.R. from school, Mr. Robey took J.R. home, where she barely ate or drank anything and simply fell asleep from exhaustion.

16. While J.R. was asleep, Mr. Robey searched and found the blade that she was using to cut herself, some pills, as well as some suicide letters. This was obviously disturbing, shocking, and upsetting to Mr. Robey.

17. The Robeys have a family physician, Elmer Cupino, MD, ("Cupino") who specializes in Child and Adolescent Psychiatry. His medical practice is based in Pottstown, PA. Cupino has over thirty-six (36) years of experience in the medical field. Cupino had a virtual meeting with J.R. after she woke up to discuss what happened. Cupino advised that Mr. Robey should take J.R. to the Hospital Emergency Room ("ER").

18. Mr. Robey took J.R. to Novant Presbyterian Hospital, ("Presbyterian") where she was admitted and spent the night in the ER, while waiting for a bed to become available in the Adolescent Behavioral Health Unit ("BHU"), located on the seventh floor of Presbyterian Main. J.R. moved to BHU on Friday afternoon, February 3, 2023

19. During their conversations with J.R., Mr. and Mrs. Robey were made aware that Jessica reported to the school counselor at the beginning of the school year, around August or September of 2022, by her Bio-Med teacher, Dr. David Brigham ("Brigham"), with regards to existing marks he noticed on her arms, while they were undertaking a blood pressure test during class.

20. J.R. subsequently had a meeting with Hodges, wherein J.R. told Hodges that the scars were older self-harming scars, from earlier in the summer. J.R. also told Ms. Hodges about taking an overdose, which made her sick. Consequently, Hodges and Defendants first had notice of J.R.'s self-harming and suicide attempt in the late August, early September timeframe of 2022, yet no procedures were followed, no notice was given to Plaintiffs, no calls were made to Mr. Robey or Mrs. Robey, no referrals were made, no agencies were contacted, and no steps were taken. Basically, nothing was done.

21. Hodges advised J.R. that she would not tell her parents. Hodges sent J.R. back to her class.

22. Upon information and belief, the Robeys understand that no documentation was created by Hodges, to either (1) acknowledge the request by Brigham or (2) acknowledge the meeting between J.R. and Hodges.

23. The Robeys allege that this behavior is disturbing, alarming, concerning, a "red flag" and that J.R. who was fifteen (15) years old at the time, was in serious need of help. The failure to notify Mr. and Mrs. Robey took valuable time from them to begin the necessary care and treatment of J.R., did not allow them to have notice or knowledge of the situation at school so they took care necessary action at home, regarding their minor daughter.

24. Mr. and Mrs. Robey were not notified by any of the Defendants about the marks found on J.R.'s arms, the suicide attempt or even the visit to Hodges' office, by either Hodges, the Principal or CMS. This is appalling, neglectful, grossly negligent, wanton, willful, and reckless indifferent inaction by the Defendants.

25. Mr. and Mrs. Robey were not notified by any of the Defendants regarding the depression that J.R. was suffering.

26. Mr. and Mrs. Robey were not notified by any of the Defendants, regarding the stress that J.R. was suffering.

27. Mr. and Mrs. Robey were not notified by any of the Defendants, regarding the anxiety J.R. was experiencing.

28. The Defendants neglected and failed to notify the Department of Social Services ("DSS") or Child Protective Services ("CPS") about any of this alarming behavior in the August 2022 to September 2022 time frame or make any referral whatsoever.

29. DSS was only notified subsequent to Mr. and Mrs. Robey being notified on or about February 2, 2023, approximately six months later.

30. At this time, DSS interviewed Mr. and Mrs. Robey. DSS subsequently closed their case, regarding the Plaintiffs.

31. The Defendants did not perform or allow to be performed an investigation into what was going on with Jessica at school or in the home, take any reasonable steps, failed to notify J.R.'s parents, any county agency, and did nothing. This is not in the best interest of J.R.

32. On or about February 2, 2023, in Block 4, J.R.'s teacher noticed that J.R. was pale, saw additional scars, and notified Hodges.

33. Hodge spoke with J.R. It was finally at this point when Hodges notified Mr. and Mrs. Robey.

34. This notification of the parents was over five months subsequent to the first notice and knowledge of J.R.'s alarming and concerning behavior. This is a clear case of failure to notify the parents, follow any steps or guidelines, failure to identify J.R. at risk of suicide, follow procedures or make any referral or actions to address a student clearly at risk of suicide. This is gross negligence, wanton conduct, reckless and intentional wrongdoing.

35. If the Robeys had been properly notified by the Defendants, then they could have taken steps to address the situation, gotten J.R. into therapy, together with other supportive help that she needed. Defendant should be grateful that J.R. did not take her life in the intervening five months; however, damage has been done, due to Defendants gross neglect.

36. If the Robeys had been properly notified by the Defendants, then Mr. and Mrs. Robey could have gotten the help J.R. needed, regarding her self-harming, suicide attempt, stress, depression, and anxiety.

37. Consequently, J.R. would not have had to continue suffering unnecessarily.

38. Significant medical expenses, stress, anxiety, concern, worry, and out-of-pocket expense that the Plaintiffs are suffering from, incurring, and continuing to incur could have been avoided or lessened if the Defendants had notified the Plaintiffs immediately or taken the reasonable steps to address the situation. Ignoring the situation is not acceptable.

39. While J.R. was in the BHU, the Robeys raised their concerns with the school and spoke with Jennifer Ryan ("Ryan"), Dean of Students. After raising their concerns with her, Ryan advised Mr. and Mrs. Robey that an internal meeting was held between Harrell, Ryan, and the counselors at the school, to discuss what happened.

40. Upon information and belief, at this internal meeting, J.R.'s ordeal was discussed, and one of the counselors who was a parent voiced concern that they would want to be told.

41. Consequently, Ryan advised Mr. and Mrs. Robey that the school had agreed to implement a change, where the parents would be notified, if self-harming or marks to this degree, were found on a student.

42. Mr. Robey asked for a copy of the changes in school policy and Ryan advised that they were not going to put anything in writing, that is why she was bringing this to his attention, so it can never happen to another family.

43. As a direct and proximate result of the Defendants' failure to notify Mr. and Mrs. Robey, J.R., as well as her parents, have been unnecessarily forced to endure ongoing and continued pain and suffering, out-of-pocket expense, mental anguish, and emotional distress.

44. A significant amount of J.R.'s suffering could have been avoided by simply notifying the Robeys of the medical condition of her child in late August/early September of 2022.

45. The situation was first discovered in the Fall of 2022, at the beginning of the academic school year.

46. J.R. was suffering and a student at risk of suicide; yet the Defendants did nothing and failed to act by either notifying J.R's parents, following any procedures whatsoever or use any referral agencies to adequately address the situation. Defendants did nothing to address the situation.

47. The Defendants had an affirmative legal duty to use due care under the circumstances then and there existing, a duty to act, duty to inform the parents, duty to refer to appropriate agencies, and including but not limited to a duty to identify J.R. as a student at risk for suicide; yet, the Defendants acted grossly negligent, wanton, with reckless disregard for J.R.'s safety and best interest, and intentional in their gross neglect, all to the Plaintiffs' damage.

48. The Defendants were grossly negligent, reckless, wanton, and intentional in their breach of duty of due care, duty to notify the parents, and duty to act in the student's best interests, duty to refer to appropriate agencies, including but not limited to a duty to identify J.R. as a student at risk for suicide and take necessary, statutory, procedural and common sense steps to adequately, compassionately and diligently address the situation.

49. The Defendants' failure to act in these circumstances is unacceptable and intolerable. Upon information and belief, the Defendants actions, and failures to act in this case were malicious and corrupt.

50. Defendants are all "persons" as outlined in the statute, 42 U.S.C. § 1983.

51. Defendants were acting "under color of any statute, ordinance, regulation, custom or usage," "possessed by virtue of state law" and/or are "clothed in the authority of state law."

52. Defendants' actions and omissions occurred because of a school policy, custom or usage, of failure to adequately train, administer, facilitate, or implement a proper mental health policy or protocol for students.

53. Defendants actions and omissions "subjects or causes to be subjected" the Plaintiffs to suffer harm and damages, as outlined herein.

54. Defendants have thus violated Plaintiffs' Constitutional Procedural Due Process Rights under the Fourteenth Amendment to the United States Constitution.

55. Defendants failed to notify and did not notify Mr. and Mrs. Robeys of J.R.'s injuries and mental health status, until more than five months after the fact of first discovering her status. This failure to notify and failure to act has proximately caused damages to the Plaintiffs, including but not limited to pecuniary and non-pecuniary damages, mental anguish, and emotional distress to Mr. and Mrs. Robey, and J.R.

56. This failure to notify and provide adequate and sufficient procedural due process has directly and proximately caused damages to the Plaintiffs in the form of economic damages, mental anguish, emotional distress, embarrassment, humiliation, excessive and unnecessary medical bills, and expenses, and directly and proximately caused severe and emotional stress to J.R. that may last years, that she is experiencing from today and into the foreseeable future.

57. This blatant, gross negligent, wanton, reckless, and intentional failure to notify and Constitutional violation of Plaintiffs' procedural due process rights is intolerable, unacceptable and cannot be allowed to stand. Defendants have violated the Plaintiffs Fourteenth Amendment right to procedural due process under the United States Constitution by their complete and utter failure to notify the parents of J.R. and failure to act.

58. Plaintiffs have a constitutionally cognizable life, liberty or property interest in their daughter J.R., J.R.'s education in a public school system, the right to be notified by the school system of any harm or danger to their child, the right to be told if their minor child has been identified as a student at risk for suicide, and the gross failure in doing so, is unacceptable.

59. Upon information and belief, the Defendants have inadequate and insufficient training, as would be expected, or required under the law, including but not limited to G.S. § 115C-375.5 and the United States Constitution, Fourteenth Amendment due process clause, especially in the light of today's highly stressful environment that teenagers are enduring.

60. Defendants have deprived Plaintiffs of their constitutionally cognizable life, liberty, or property interest by the state action of the Defendants. Upon information and belief, the Defendants actions, and failures to act in this case were malicious and corrupt.

61. The procedures employed by the Defendants were grossly, wantonly, recklessly, and intentionally constitutionally inadequate.

62. There waw a recent suicide, by a teenage girl at Myers Park High School, that is proof of the fact of the seriousness of the situation and the complete and utter failure to act as unacceptable, intolerable, unconstitutional, and illegal under the law, and Defendants multiple failures to notify and act are unacceptable.

63. Defendants' behavior, approach, attitude, failure to notify, failure to act, and complete inaction are completely wrong, a violation of Plaintiffs'' constitutional due process rights and have directly and proximately caused severe and pervasive damage to the Plaintiffs.

64. There is arguably no adequate remedy under state law, thus giving rise to a constitutional due process claim

65. The actions and omissions of the Defendants proximately caused damages to the Plaintiffs, in the form of economic and non-economic damages, mental anguish and emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignities, as well as for physical injury and out-of-pocket expenses.

66. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 - Substantive Due Process Violation

67. The allegations of paragraphs 1-66 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

68. The Fourteenth Amendment provides that government shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.

69. Pursuant to 42. U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

70. There is no legitimate governmental interest in failing to train, failing to adequately provide due care, or failing to notify the parents of a minor child, in this case the Plaintiffs, of the incidents and circumstances outlined herein this Complaint.

71. Parents need this information to care for their minor child. The school system is sitting *in loco parentis* and should want the same care, concern, growth, and health of the minor child.

72. In addition to not notifying the parents, not taking necessary steps for care of the minor child, not referring the child to appropriate agencies or counseling, the Defendants also, including but not limited to the following, did not notify CPS or DSS, regarding the marks on J.R.'s arm, and the disturbing behavior observed.

73. This failure to notify the parents, or anyone, clearly shows a lack of sufficient training, a breach of a duty of due care, an intentional, reckless, and gross negligence, that is unacceptable in a civilized society, especially in this time of teenage suicide, depression, and anxiety, as well as substance abuse, all of which are prominent at an alarming rate in our city, county, state, and country. This failure to act is unacceptable, given the weight of potential grave circumstances.

74. The Fourteenth Amendment protects against arbitrary government action that is so egregious that it "shocks the conscience" or offends a "sense of justice."

75. The failure to notify the parents of J.R., failure to adequately train, failure to make a referral, failure to notify any agency whatsoever, including but not limited to, the marks on her arm, taking an overdose of drugs, and the behavior that J.R. was exhibiting, for six (6) months, especially given the environment that is present in the public high school system today, clearly "shocks the conscience" as well as offends a "sense of justice."

76. Plaintiffs have a right to be free of arbitrary, abusive, and illegitimate government action, and this right is clearly established of which a reasonable person in the Defendants' position would have been aware.

77. The acts and omissions of the Defendants outlined herein are "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Upon information and belief, the Defendants actions, and failures to act in this case were malicious and corrupt.

78. The actions and omissions of the Defendants proximately caused damages to the Plaintiffs, in the form of economic and non-economic damages, mental anguish and emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignities, as well as for physical injury and out-of-pocket expenses.

79. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

### THIRD CAUSE OF ACTION

#### Violation of the North Carolina Constitution

80. The allegations of paragraphs 1 – 79 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

81. Defendants have violated Section 15, of Article 1, of the North Carolina State Constitution, "Education. The people have a right to the privilege of education, and it is the duty of the State to guard and maintain that right."

82. The particulars as set forth in this Complaint, including but not limited to the failure to take action regarding J.R. and the failure to notify Mr. and Mrs. Robey, are violations of the North Carolina State Constitutions Declaration of Rights for Education. The Defendants have failed to "guard and maintain" the "right to the privilege of education" in a grossly negligent and reckless manner, proximately causing damages to the Plaintiffs.

83. If the Court determines that government immunity precludes the Plaintiffs' claims, and the Plaintiffs have no adequate remedy at law, then the Plaintiffs have a direct claim against the Defendants under the N.C. State Constitution.

84. These outlined violations have directly and proximately caused damages to the Plaintiffs, in both economic and non-economic damages, including but not limited to mental anguish and emotional distress.

85. Defendants have breached their duty to "guard and maintain" the Plaintiffs "right to the privilege of education" including but not limited to by failure to notify Mr. and Mrs. Robey of the extreme situation regarding her daughter for over six (6) months, failure to make any referrals to appropriate agencies, failure to take any affirmative action whatsoever to assist, aid, help or address J.R.'s situation, all proximately causing damages to the Plaintiffs, that they are suffering from through today and into the future.

86. Further, the Defendants have violated the "Law of the land; equal protection of the laws." Declaration of Rights of the Plaintiffs. Plaintiffs due process and equal protection rights have been violated as set forth in the North Carolina Constitution and outlined herein, regarding the failure to notify Mr. and Mrs. Robey of J.R.'s alarming medical situation, a failure to notify any authorities, a failure to make any referrals, a failure to act in any affirmative way violating the duty of due care, failing to act as a reasonable person would under the circumstances would have acted, thus acting in a grossly negligent and reckless fashion all to the damage of the Plaintiffs. Upon information and belief, the Defendants actions, and failures to act in this case were malicious and corrupt.

87. The actions and omissions of the Defendants proximately caused damages to the Plaintiffs, in the form of economic and non-economic damages, mental anguish and emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignities, as well as for physical injury and out-of-pocket expenses.

88. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## FOURTH CAUSE OF ACTION

### Gross Negligence

89. The allegations of paragraphs 1 – 88 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

90. Defendants, their agents, servants, and employees owe an affirmative duty of due care to J.R.

91.  Defendants, its agents, servants, and employees, owe an affirmative duty of due care to Plaintiffs, to notify them of medical harm to their child, attempted suicide, cutting marks on the minor's arms, attempted overdose, other alarming, and associated behavior while on school property and under their care.  Defendants stand *in loco parentis* regarding J.R.  This failure to notify is unreasonable.  Upon information and belief, the Defendants actions, and failures to act in this case were malicious and corrupt.

92.  Defendants, its agents, servants, and employees, owe an affirmative duty to J.R., not to ignore her severe, extreme and alarming self-harming behavior, attempted overdose and suicide, and other "cries for help," and failed to take reasonable steps to make sure her safety and wellbeing were not exacerbated or worsened by wrongful actions or the failure to act, when necessary, and this was not in J.R.'s best interest.  These actions and gross failure to act were grossly negligent and reckless.

93.  Defendants have breached these affirmative legal duties, in a reckless and grossly negligent fashion, in that the Defendants knew or should have known, of the injuries to Jessica and the obvious and reasonable probability of further harm, that would have been known or should have been known, by a person of ordinary, reasonable and prudent understanding, under the situation then and there existing, and notifying J.R.'s parents immediately upon the discovery that was made here, in an effort to protect, care for, keep from further harm, and act in a reasonable and prudent manner for Jessica's best interest, care and protection.

94.  Defendants have knowingly, recklessly, and grossly negligently, failed, breached, and not sufficiently met their legal duties of due care as outlined herein, by failing to refer, treat, follow-up, refer, or provide other mental health or suicide prevention services to J.R., a student in the K-12 school unit, with the knowledge and information they had at the time in August 2022, and failing to notify J.R.'s parents until approximately six (6) months later, all the while J.R.'s condition worsened, exacerbated and continued to manifest itself, all to J.R's damage and damage of the Plaintiffs.

95.  These breaches of duty have proximately caused damages to all Plaintiffs, in that Plaintiffs have suffered economic harm and loss, much mental anxiety, emotional distress, lost time to address these serious health concerns, and inability to take steps that needed to be taken at first understanding and notice of the situation, not six (6) months after the fact.  This is way too long when the need for immediate attention was present.

96.  The mental anguish and emotional distress that has been directly and proximately caused by the Defendants in this case is significant.  The failure to act, in the fact of obvious danger, the failure to notify the parents of Jessica, together with other failures to act in a professional and reasonable manner have directly and proximately caused the Plaintiffs pecuniary loss, mental anguish and emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignity, as well as physical injury and out-of-pocket expenses.

97. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## FIFTH CAUSE OF ACTION

### Gross Negligence – Violation of N.C. Gen. Stat. § 115C-376.5.
### School-based mental health plan required

98. The allegations of paragraphs 1 – 97 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

99. Upon information and belief, in accordance with G.S. §115C-376.5(h), Defendants have been grossly negligent, wanton in their conduct, reckless, and intentional, in breaching their statutory duties as outlined in G.S. § 115C-376.5, in that they have failed and refused to sufficiently implement or effectuate or follow this plan, including but not limited to failure in "implementation of any component of a school-based mental health plan, mental health training program, or suicide risk referral protocol required by this section…"

100. Plaintiffs have been significantly damaged by the various breaches of statutory duties imposed on the Defendants under G.S. § 115C-376.5.

100. Upon information and belief Defendants have failed and refused to sufficiently implement a "school-based mental health plan, a "model mental health training program" and a "model suicide risk referral program" as outlined in G.S. § 115C-376.5.

101. Upon information and belief, in violation of G.S. § 115C-376.5(b)(1), Defendants have failed to sufficiently provide to school personnel who work with students in grades kindergarten through 12 the "model mental health training program" and failed to address the following topics: (a) Youth mental health, (b) Suicide prevention, and (c) Substance abuse.

102. Upon information and belief, in violation of G.S. § 115C-376.5(b)(2), Defendants have failed to sufficiently provide to school personnel who work with students in grades six through 12 both the following: (a) Guidelines on the identification of students at risk of suicide, and (b) Procedures and referral sources that address actions that should be taken to address students identified in accordance with this subdivision.

103. Upon information and belief, Defendants have violated G.S. § 115C-376(c) "School-Based Mental Health Plan" in that the Defendants have failed to sufficiently adopt a plan for promoting student mental health and well-being that includes, at a minimum, the following: (1) Minimum requirements for a school-based mental health plan established by the State Board of Education pursuant to subsection (b) of this section, and (2) a mental health

training program and a suicide risk referral protocol that are consistent with the model programs developed by the State Board of Education pursuant to subsection (b) of this section.

104. Upon information and belief, Defendants have failed to sufficiently implement and satisfy G.S. § 115C-376(d) "Training and Protocol Requirements" in that Defendants have failed to provide its adopted mental health training program and suicide risk referral protocol to school personnel…. Employees, including but not limited to Defendants, have not received an initial mental health training of at least six hours and subsequent mental health trainings of at least two hours. The initial mental health training has not occurred within the first six months of employment for Defendants. Subsequent mental health trainings have not occurred in the following school year and annually thereafter. Further, Defendants have not met mental health training requirements.

105. Upon information and belief, in accordance with G.S. § 115C-376(f) the Defendants have failed to sufficiently, by September 15 of each year, report to the Department of Public Instruction on the mental health plan, training program and suicide risk referral protocol.

106. Defendants grossly, wantonly, recklessly, and intentionally failed J.R. and her parents, in this regard, as set forth herein.

107. Defendants grossly, wantonly, recklessly, and intentionally failed to identify J.R. at risk of suicide, failed to follow procedures and identify referral sources that should be taken to address students identified in accordance with G.S. § 115C-376.5(b)(2). J.R. presented with significant cut marks on her arm, reported an attempted overdose, i.e. suicide) and other alarming and bizarre behavior, yet nothing was done. That is what this statute is designed to address. The law was not followed. The Defendants have failed in their obligations and legal duties, in accordance with this statutory scheme.

108. Defendants grossly, wantonly, recklessly, and intentionally failed to implement procedures and referral sources for J.R. They referred J.R. to no person or organization. They did not notify J.R.'s parents. This is the gravamen of this Complaint. The Defendants, standing in loco parentis, failed to notify the parents of J.R., a minor, of these very alarming, concerning, and life-threatening facts. This failure to notify is not acceptable. This failure to notify is in violation of law, as forth herein this Complaint. The Defendants failed to act, all in violation of law, this statute, the constitution of the United States and North Carolina, and common sense, all the while putting J.R. at risk of suicide, further danger, further damage to herself and her family, and acting in a way that is unacceptable in a civilized society, all directly and proximately causing damages to J.R. and her parents, that continue to this day and into the foreseeable future. Defendants failed to respond. These failures are at a minimum grossly negligent. It is wanton. It is reckless. It was intentional. It is unacceptable and illegal.

109. Defendants have beached these statutory duties. Defendants actions amount to gross negligence, wanton conduct, reckless and intentional wrongdoing.

110. These breaches of the Defendants affirmative legal duties are the cause in fact and proximate cause of the Plaintiffs' damages, that continue through today and into the foreseeable

future. This failure to act, failure to notify and failure to respond, cannot be left to stand without correction and change, not when children's mental health, physical health and overall life are at issue. This is not acceptable.

111. Upon information and belief, Defendants have acted in a malicious and corrupt manner, in the circumstances surrounding this matter.

112. As a direct and proximate result of said Defendants' gross negligence, wanton conduct, reckless and intentional conduct, Plaintiffs have suffered and continue to suffer to date, damages, including but not limited to, severe emotional harm and mental distress, fear, anxiety, embarrassment, mental anguish, humiliation and personal indignity, physical injury, pain and suffering, and out-of-pocket expenses, that continue through today's date and into the future.

113. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

114. The allegations of paragraphs 1 – 113 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

115. The conduct herein outlined within this Complaint constitutes extreme and outrageous conduct by the Defendants, and Defendants acted with reckless disregard of a high probability that emotional distress would occur and did in fact directly and proximately cause severe emotional distress to the Plaintiffs.

116. The conduct of the Defendants, as outlined herein, exceeds all reasonable bounds of decency in a civilized society, and the conduct by all standards was extreme and outrageous.

117. The Defendants acted with reckless disregard for the high probability that emotional distress would occur and knew with substantial certainty that emotional distress would result. Upon information and belief, the actions of the Defendants in this case are malicious, corrupt or both.

118. As a direct and proximate result of said Defendants' substantially reckless infliction of emotional and mental distress, Plaintiffs have suffered and continue to suffer to date, damages, including but not limited to, severe emotional harm and mental distress, fear, anxiety, embarrassment, mental anguish, humiliation and personal indignity, physical injury, pain and suffering, and out-of-pocket expenses, that continue through today's date and into the future.

119. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

120. The allegations of paragraphs 1 – 119 inclusive of this complaint are incorporated herein by reference, as if each allegation has been specifically realleged and reasserted herein.

121. The Defendants engaged in conduct that was grossly negligent.

122. Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions.

123. The Defendants are liable for their negligence because their negligence is the proximate cause of the injuries to the Plaintiffs, to whom they owe a duty to use reasonable care.

124. Defendants owe Plaintiffs a duty to use due care, under the circumstances then and there existing.

125. The failure to notify the parents of J.R. is grossly negligent.

126. The failure to notify the parents of J.R. of the circumstances known to the Defendants in late August/early September of 2022, until approximately six (6) months later is a blatant breach of the Defendants duty of due care owed to J.R. and the parents of J.R. and is grossly negligent.

127. Upon information and belief, the actions of the Defendants in this case are malicious, corrupt or both.

128. A reasonable person would notify the parents of a minor child who presents multiple cut marks on their arm, admits to attempting suicide by overdose, and presents other associated mental health problems and concerns. This is unreasonable. This is not acceptable. There was no identification of a potential suicide individual, no notification to the parents or any referral to any appropriate agency. Basically, the Defendants did nothing. This is gross negligence. This is unreasonable behavior that a reasonable person would not do. This is a breach of the Defendants' duty of due care owed both to J.R. and the parents of J.R.

129. A duty of due care would include but is not limited to a duty to notify the parents of a minor child that their child has been cutting her arms, tried to overdose on pills and thus commit suicide.

130. This duty of due care would encompass a reasonable and prudent person to notify the parents of the minor child, notify school authorities, notify county authorities, such as Child Protective Services, make necessary referrals; a reasonable person would follow the law, including but not limited to the law outlined in N.C. Gen. Stat. § 115C-376.5, in that they would attempt to get help for the minor child, would identify the minor as a student at risk of suicide, and acted in a reasonable and prudent manner.

131. The Defendants outrageous conduct, including but not limited to, the failure to notify the parents of the minor child is grossly negligent and a breach of the Defendants' duty of due care, in that the Defendants basically did the opposite of what a reasonable and prudent person would do under similar conditions. It is basic common sense to notify the parents of the minor child, at the very least. The Defendants stand *in loco parentis* of the minor child and are required to act accordingly.

132. It was reasonably foreseeable that such conduct by the Defendants in this case would proximately cause the Plaintiffs severe emotional distress and mental anguish.

133. The extreme and outrageous conduct herein did in fact cause the Plaintiffs severe emotional distress and mental anguish. The actions of the Defendants were done with reckless indifference to the likelihood that emotional distress might result; said conduct was in reckless disregard of Plaintiffs' rights. The Defendants knew or should have known with substantial certainty that emotional distress would result, or, in the alternative, Defendants acted with reckless disregard of the high probability that emotional distress would occur.

134. The severe emotional distress in this case was the foreseeable and proximate result of the negligence of the Defendants. This is not a case of mere temporary fright, disappointment, or regret. The level of mental anguish and emotional distress is extreme, severe, pervasive, palpable, ongoing, continuing, and unrelenting. We are talking about the possible suicide, attempted overdose, and severe and extreme behavior of a young teenage girl, and the possible loss of a life, and the failure to notify the parents of this child for approximately six (6) months, all the while preventive measures could have been taken, the matter could be addressed, the situation could have been monitored and medical care could have been sought. This is extreme and outrageous conduct.

135. Plaintiffs may recover for their emotional distress directly and for severe emotional distress arising due to concern for another person, J.R., in that it is such severe emotional distress is a proximate result and foreseeable result of the Defendant's negligence.

136. As a direct and proximate result of said Defendants' grossly negligent infliction of emotional and mental distress, Plaintiffs have suffered and continue to suffer to date, damages, including but not limited to, severe emotional harm and mental distress, fear, anxiety, embarrassment, mental anguish, humiliation and personal indignity, physical injury, pain and suffering, and out-of-pocket expenses, that continue through today's date and into the future.

137. The actions of Defendants show malice, willful and wanton conduct, all in violation of G.S. § 1D-15, thus entitling the Plaintiffs to punitive damages. These actions were "participated in" directly by the individual Defendants and condoned this conduct constituting the aggravating factor, giving rise to punitive damages, thus Defendants personally, as well as CMBE, by and through the conduct of the individual Defendants, are liable for punitive damages to the Plaintiffs.

## DEMAND FOR JURY TRIAL

The Plaintiffs, through undersigned counsel and pursuant to North Carolina General Statute § 1A-1, Rule 38, hereby demands a jury trial for all issues involved in the above-entitled action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief, jointly and severally, against all the Defendants:

1. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for violation of 42 U.S.C. § 1983, Procedural Due Process, and a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988, as alleged in Plaintiff's First Cause of Action.

2. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for violation of 42 U.S.C. § 1983, Substantive Due Process, and a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988, as alleged in Plaintiff's Second Cause of Action.

3. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for violation of the North Carolina State Constitution, as alleged in Plaintiff's Third Cause of Action.

4. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for Gross Negligence as alleged in Plaintiff's Fourth Cause of Action.

5. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for Gross Negligence in violation of N.C. Gen. Stat. § 115C-376.5, as alleged in Plaintiff's Fifth Cause of Action.

6. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for Intentional Infliction of Emotional Distress, as alleged in Plaintiff's Sixth Cause of Action.

7. For judgment against the Defendants, for compensatory damages in excess of twenty-five thousand dollars ($25,000.00), and an additional sum as set by the trier of fact as punitive damages, for Negligent Infliction of Emotional Distress, as alleged in Plaintiff's Sixth Cause of Action.

8. Awarding attorney fees to the Plaintiffs, as by law allowed.

9. Assessing the costs of this action against the Defendants.

10. Ordering such other and further relief to the Plaintiffs, as this Honorable Court deems appropriate, equitable and just.

This the 26th day of October 2023.

_s/J. Elliott Field_____
J. Elliott Field, Attorney-at-Law, PLLC
NCSB # 21679
216 N. McDowell St., Ste. 100
Charlotte, NC 28204
P (704) 334-3747
F (704) 334-3748
Email: _efieldjd@gmail.com_

ATTORNEY FOR THE PLAINTIFFS

## VERIFICATION

Stephen Robey, Plaintiff in the above-entitled action, being duly deposed and sworn, states that he has read the *Complaint*, and that the allegations are true to his knowledge, and that any allegations based upon information and belief, that he believes to be true.

This the ___9th___ day of October 2023.

STEPHEN ROBEY

SWORN TO and subscribed before me,
this the 9th day of October 2023.

NOTARY PUBLIC
My Commission Expires: 10|28|26

HEATHER M MANESS
Notary Public, North Carolina
Cabarrus County
My Commission Expires
10|28|26

## VERIFICATION

Dorothy Robey, Plaintiff in the above-entitled action, being duly deposed and sworn, states that she has read the *Complaint*, and that the allegations are true to her knowledge, and that any allegations based upon information and belief, that she believes to be true.

This the 9ᴛʜ day of October 2023.

_____
**DOROTHY ROBEY**

SWORN TO and subscribed before me,
this the 9ᵗʰ day of October 2023.

_____
NOTARY PUBLIC
My Commission Expires: 10|20|26

HEATHER M MANESS
Notary Public, North Carolina
Cabarrus County
My Commission Expires
10|20|26

## VERIFICATION

Stephen Robey, Plaintiff, and father of Plaintiff, J.R., a minor, in the above-entitled action, being duly deposed and sworn, states that he has read the *Complaint*, and that the allegations are true to his knowledge, and that any allegations based upon information and belief, that he believes to be true.

This the 9nu day of October 2023.

_____
STEPHEN ROBEY for J.R. a minor

SWORN TO and subscribed before me,
this the 9th day of October 2023.

_____
NOTARY PUBLIC
My Commission Expires: 10|20|26

HEATHER M MANESS
Notary Public, North Carolina
Cabarrus County
My Commission Expires
10 20 26

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

*File No.*
23CV032083-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Stephen ROBEY, Dorothy ROBEY, and J.R. a Minor.

*Address*
10115 Thomas Payne Cir.

*City, State, Zip*
Charlotte                    NC        28277

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

*Name Of Defendant(s)*
CHARLOTTE-MECKLENBURG BOARD OF EDUCTION,
Superintendent Crystal L. HILL, Principal Tracy HARRELL,
and School Counselor Adrian HODGES.

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Charlotte-Mecklenburg Board of Education | Superindendent Crystal L. Hill |
| Superintendent Crystal L. Hill, Board's CEO | CMS |
| PO Box 30035 | PO Box 30035 |
| Charlotte, NC        NC    28230-0035 | Charlotte                      NC    28230-0035 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 10/31/2023 | *Time* 2:41:11 pm ☐ AM ☒ PM |
|---|---|---|
| J. ELLIOTT FIELD, JD, PLLC | *Signature* | |
| 216 N. MCDOWELL ST., STE. 100 | /s/ Jennifer Garcia | |
| CHARLOTTE, NC 28204 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Signature* | |
|  | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

MECKLENBURG County

*File No.*
23CV032083-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
Stephen ROBEY, Dorothy ROBEY, and J.R. a Minor.

*Address*
10115 Thomas Payne Cir.

*City, State, Zip*
Charlotte          NC     28277

**VERSUS**

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
CHARLOTTE-MECKLENBURG BOARD OF EDUCTION,
Superintendent Crystal L. HILL, Principal Tracy HARRELL,
and School Counselor Adrian HODGES.

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Tracy Harrell, Principal | Adrian Hodges, School Counselor |
| Providence High School | Providence High School |
| 1800 Pineville-Matthews Rd. | 1800 Pineville-Matthews Rd. |
| Charlotte, NC          NC     28270 | Charlotte          NC     28270 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| J. ELLIOTT FIELD, JD, PLLC | 10/31/2023 | 2:41:11 pm  ☐ AM  ☒ PM | |
| 216 N. MCDOWELL ST., STE. 100 | *Signature* | | |
| CHARLOTTE, NC 28204 | /s/ Jennifer Garcia | | |

☒ Deputy CSC     ☐ Assistant CSC     ☐ Clerk Of Superior Court

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*               *Time*               ☐ AM  ☐ PM

*Signature*

☐ Deputy CSC     ☐ Assistant CSC     ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts