UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00004-RJC-SCR

| | |
|---|---|
| STEPHEN ROBEY AND DOROTHY ROBEY, AS LAWFUL GUARDIANS AD LITEM FOR MINOR CHILD J.R., <br><br> Plaintiffs, <br><br> v. <br><br> CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, et al., <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 3), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 9), Plaintiffs' Objection to the M&R, (Doc. No. 11), and other documents of record. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district

1

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

The standard of review for a motion to dismiss is well known. "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of

2

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Plaintiffs object to the M&R's finding that the Complaint fails to allege a policy or custom attributable to the Defendant Board. (Doc. No. 11 at 3). Plaintiffs further object to the M&R's finding that the Complaint fails to

3

allege sufficient facts to pierce Principal Harrill's and Superintendent Hill's public official immunity. (*Id.* at 6–7).

### A. Policy or Custom Attributable to the Board

With respect to Plaintiffs' section 1983 claim against the Board based on a theory of widespread custom or usage, the M&R concluded that Plaintiffs failed to allege a policy or custom attributable to the Board. (Doc. No. 9 at 10–11). The M&R reasoned that Plaintiffs have failed to allege facts of a persistent and widespread practice of failing to respond to and notify parents of similar instances or that the Board had actual or constructive notice of such practice. (*Id.* at 11). Rather, as the M&R points out, Plaintiffs rely only on the single incident involving J.R. and the resulting school meeting. (*Id.*). The M&R further concluded that Plaintiffs' theory that the Board is liable for failure to train similarly fails because Plaintiffs fail to allege sufficient facts of a pattern of similar alleged constitutional violations by untrained employees and again rely only on the single incident involving J.R. (*Id.* at 12).

Plaintiffs now object on grounds that "[i]t is reasonable to conclude that the 'municipality subscribes to a custom, policy, or practice' for this type of grossly negligent, reckless, or intentional behavior to have occurred, of failing to notify the parents, failing to notify any agency, or failing to take any action whatsoever in the face of these serious circumstances." (Doc. No. 11 at 3). Plaintiffs reiterate that a "policy or custom can be shown by omission or practice" and that the "omission is the failure to train, the lack of constitutional procedural and substantive due process afforded J.R. and her parents, in this case, as well as mandated by the General

4

Statues 115C-376.5, and manifested in the failure of Hodges, Harrill or Hill to notify the Robeys or any competent agency, of the serious risks to J.R.'s best interest and well-being." (*Id.* at 4). Plaintiffs now submit that "there is a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." (*Id.*). And Plaintiffs argue that the Board's actions do not constitute "mere negligence." (*Id.*). Rather, Plaintiffs claim that "there is a deliberate indifference here to the rights of J.R. and her parents, to be subjected to this grossly negligent, reckless or intentional actions and omissions." (*Id.*). Plaintiffs reiterate that the Board's "disregard of known or obvious consequences" is "not acceptable." (*Id.*).

Plaintiffs fail to state a specific objection directing the Court to a specific error in the M&R or otherwise rebut its sound reasoning. And to the extent that Plaintiffs restate arguments already presented to the Magistrate Judge or assert that the M&R fails to sufficiently acknowledge those arguments, de novo review is not required. *Orpiano*, 687 F.2d at 47. Nevertheless, having reviewed the record and the parties' arguments, the Court finds that the recommendation of the Magistrate Judge should be adopted. Plaintiffs' objections do not address their failure to allege facts sufficient to demonstrate a persistent and widespread practice of failing to respond to and notify parents of similar instances, that the Board had actual or constructive notice of such a practice, or a pattern of similar alleged constitutional violations by untrained employees. Rather, Plaintiffs' objections focus predominantly on the incident involving J.R. and the resulting school meeting. Plaintiffs' general reference to "other suicides in the Board's district," "the rise in teenage suicide," and indication that one

5

such suicide was "referenced in the Complaint" does not change the outcome. (Doc. No. 11 at 3–5). Accordingly, the Court adopts the M&R's recommendation to dismiss Plaintiffs' section 1983 claim against the Board.

### B. Public Official Immunity – State Law Claims Against Individual Defendants

With respect to Plaintiff's state law claims against the individual defendants, the M&R concluded that Plaintiffs failed to allege sufficient facts to pierce Principal Harrill's and Superintendent Hill's public official immunity. (Doc. No. 9 at 23). The M&R reasoned that Hill is only mentioned in the caption of the Complaint as a party and that the only conduct specifically attributed to Harrill is that she was allegedly present at a single resulting internal meeting following the incident involving J.R. (*Id.*). The M&R went on to explain that "[n]owhere in the Complaint does it specifically allege that Harrill or Hill, as opposed to conclusory grouping of Defendants together, were aware of the meeting between Hodge and J.R. or that J.R. was engaged in self-harm until the meeting that occurred after Plaintiffs raised their concerns to school administrators." (*Id.* (citing R.A., 36 F.4th at 545–46 (concluding that plaintiff failed to allege malice to overcome public official immunity because there were no allegations of intent to injure, and noting mere reckless indifference is insufficient to show constructive intent to injure such that failure to report or take corrective action in response to teacher's alleged abuse did not amount to malice as alleged))).

Plaintiffs object on grounds that "the Complaint and facts alleged [sic] does outline the timeline of events with specificity." (Doc. No. 11 at 6). Plaintiffs further

6

claim that their Complaint and jurisdictional affidavit "have a timeline of events." (*Id.* at 7). Plaintiffs submit that the Complaint and affidavit "are sufficient" because both Hill and Harrill either knew, or should have known, of the incidents in question. (*Id.*).

Plaintiffs again fail to state a specific objection directing the Court to a specific error in the M&R or otherwise rebut its sound reasoning. And to the extent that Plaintiffs restate arguments already presented to the Magistrate Judge or assert that the M&R fails to sufficiently acknowledge those arguments, de novo review is not required. *Orpiano,* 687 F.2d at 47. Nevertheless, having reviewed the record and the parties' arguments, the Court finds that the recommendation of the Magistrate Judge should be adopted. The Court agrees with the M&R's conclusion that "[b]ecause there are no factual allegations in the Complaint, as opposed to mere conclusory statements as to how Harrill and Hill acted with malice or corruption, Harrill and Hill are entitled to public official immunity with respect to Plaintiffs' state law claims." (Doc. No. 9 at 23–24). Accordingly, the Court adopts the M&R's recommendation to dismiss Plaintiffs' state law claims against Harrill and Hill in their individual capacities.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 9), is **ADOPTED**;
2. Defendants' Motion to Dismiss, (Doc. No. 3), is **GRANTED IN PART** and **DENIED IN PART**. Specifically,
    a. Defendants' Motion is **GRANTED** with respect to Plaintiffs' 42 U.S.C. § 1983 claims and state law claims against the Board only;

7

b. Defendants' Motion is **GRANTED** with respect to Plaintiffs' state law claims against Superintendent Crystal L. Hill and Principal School Tracey Harrill in their individual capacities;

c. Defendants' Motion is **DENIED** without prejudice to be re-raised at a later stage of the litigation with respect to Plaintiffs' state law claims against school counselor Adrian Hodge in her individual capacity;

d. Defendants' Motion is **GRANTED** with respect to Plaintiffs' direct claim under the North Carolina Constitution;

e. Defendants' Motion is **GRANTED** with respect to Plaintiffs' claims against the individual Defendants in their official capacities only;

f. Defendants' Motion is **GRANTED** with respect to Plaintiffs' request for punitive damages against the Board only.

Signed: September 30, 2024

Robert J. Conrad, Jr.
United States District Judge